**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

CORNELE A. OVERSTREET, Regional
Director of the Twenty-Eighth Region of
the National Labor Relations Board,

        Petitioner-Appellee,

v.

SHAMROCK FOODS COMPANY,

        Respondent-Appellant.

</td><td>

No.   16-15172

D.C. No. 2:15-cv-01785-DJH

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted September 15, 2016
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and TUNHEIM,[**] Chief District
Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

Shamrock Foods appeals the district court's grant of a temporary injunction under Section 10(j) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(j). We affirm.

1. As an initial matter, the portions of the temporary injunction related to the discharge of Thomas Wallace are not moot, notwithstanding the settlement agreement in which Wallace accepted a $214,000 payment in lieu of reinstatement, and waived his right to reinstatement and to any other administrative remedy. Claims are moot "[i]f there is no longer a possibility that [the litigant] can obtain relief for his claim." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quoting *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999)).

Here, the Regional Director's claims with respect to Wallace's discharge are not moot. The National Labor Relations Board retains the authority to order Wallace's reinstatement and other related remedies. "[T]he Board alone is vested with lawful discretion to determine whether a proceeding, when once instituted, may be abandoned." *Indep. Stave Co.*, 287 N.L.R.B. 740, 741 (1987) (quoting *Robinson Freight Lines*, 117 N.L.R.B. 1483, 1485 (1957)). Likewise, "the Board has no statutory obligation to defer to private settlement agreements," although it "may defer in its discretion." *NLRB v. Int'l Bhd. of Elec. Workers, Local Union 112*, 992 F.2d 990, 992 (9th Cir. 1993). Given that the settlement agreement

between Shamrock Foods and Wallace does not deprive the Board of its authority to order Wallace reinstated, and that "the underlying purpose of Section 10(j) is . . . to preserve the Board's remedial power while it processes the charge," *McDermott v. Ampersand Publ'g., LLC*, 593 F.3d 950, 957 (9th Cir. 2010) (internal quotations omitted), the Regional Director's petition for temporary relief with respect to Wallace's discharge is not moot.[1]

2. We review the district court's grant of injunctive relief pursuant to Section 10(j) of the NLRA for an abuse of discretion. *McDermott*, 593 F.3d at 957. "The district court abuses its discretion if it relies on a clearly erroneous finding of fact or an erroneous legal standard." *Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200*, 611 F.3d 483, 489 (9th Cir. 2010).

The district court applied the correct legal standard to the temporary injunction in this case, giving some deference to the Regional Director and declining to apply the heightened standard announced in *Overstreet v. United*

---

[1] We also note that, given "the nature of interim § 10(j) relief and of the Board's final remedial power," often a "§ 10(j) remedy *will* be identical, or at least very similar, to the Board's final order." *Frankl v. HTH Corp.*, 650 F.3d 1334, 1366 (9th Cir. 2011), *cert denied*, 132 S. Ct. 1821 (2012). "Very often, the most effective way to protect the Board's ability to recreate [the] relationships [that would exist had there been no unfair labor practice] and restore the status quo will be for the court itself to order a return to the status quo." *Id.*

*Brotherhood of Carpenters, Local Union No. 1506*, 409 F.3d 1199, 1207, 1210-12 (9th Cir. 2005). The heightened standard applies when an injunction would create "at least some risk that constitutionally protected speech will be enjoined," in which case "only a particularly strong showing of likely success, and of harm . . . as well [will] suffice" to justify issuing the requested injunction. *United Bhd. of Carpenters*, 409 F. 3d at 1208 n.13; *see also Operative Plasterers'*, 611 F.3d at 491; *McDermott*, 593 F.3d at 958.

Here, the district court's injunction implicates Shamrock Foods's speech, insofar as it prohibits interrogating employees about union sympathies, threatening loss of benefits or wages or other reprisal, promising benefits in return for not supporting the union, soliciting and promising to remedy employee grievances, and directing employees to report union activity. But the injunction prohibits only *coercive* speech, which is not protected by the First Amendment or the National Labor Relations Act. *See NLRB v. Gissel Packing Co.*, 395 U.S. 575, 618 (1969). "[A]n employer is free to communicate to his employees any of his general views about unionism or any of his specific views about a particular union, [but only] so long as the communications do not contain a 'threat of reprisal or force or promise of benefit.'" *Id.* (quoting 29 U.S.C. § 158(c)); *see also Chamber of Commerce v. Brown*, 554 U.S. 60, 67 (2008) (noting that the Supreme Court has "recogniz[ed]

the First Amendment right of employers to engage in *noncoercive* speech about unionization" (emphasis added)). The injunction in this case does not prevent Shamrock Foods from expressing its opinions regarding union representation, or from otherwise engaging in noncoercive speech, and so it does not present a risk of infringing Shamrock Foods's rights under the First Amendment or Section 8(c) of the NLRA.

Applying the ordinary standard for granting a temporary injunction, the district court did not abuse its discretion in finding that the Regional Director is likely to succeed on the merits of his claim, that irreparable harm is likely without preliminary relief, and that the balance of hardships and the public interest favor an injunction. *See Frankl*, 650 F.3d at 1355 (holding that courts determine whether a Section 10(j) injunction is "just and proper" by applying the traditional equitable criteria used to decide whether to grant a preliminary injunction).

First, the employee and employer affidavits, meeting transcripts, and testimony before the administrative law judge ("ALJ") support the district court's finding that the Regional Director is likely to succeed on the merits of his claims that Shamrock Foods committed numerous unfair labor practices in violation of Sections 8(a)(1) and 8(a)(3) of the NLRA. That is, the record shows a likelihood of success on the merits with respect to claims that, on at least one occasion,

Shamrock Foods unlawfully: threatened employees with loss of benefits and other reprisal if they unionized; interrogated employees about union sympathies; surveilled employees' protected concerted activities; created the impression of surveillance; granted employee benefits to influence union activity; asked employees to disclose union activities of their colleagues; informed employees that it would be futile for them to select the union; solicited grievances and promised to correct them as a reward for not supporting the union; selectively enforced no-distribution and no-solicitation rules by confiscating union literature; and discriminated by discharging and disciplining union supporters.[2, 3]

The district court also did not abuse its discretion in finding a likelihood of irreparable harm absent preliminary relief. The record shows an observed drop-off in union activity, as evidenced by a decline in the number of union authorization

---

[2] Shamrock Foods is correct that before the ALJ the Regional Director abandoned his claims with respect to some specific incidents, and that the ALJ found some of the alleged incidents not to be unfair labor practices. But, the Regional Director maintained at the hearing before the ALJ that Shamrock Foods committed unfair labor practices of each type addressed in the injunction, and the ALJ found at least one unfair labor practice in each category alleged.

[3] The district court did not hold Shamrock Foods's expression of anti-union views likely to be an unfair labor practice, nor did the court enjoin such expression. Instead, the district court held, inter alia, that Shamrock Foods likely committed an unfair labor practice at a January 28, 2015 mandatory employee meeting by threatening the loss of benefits.

cards signed and in attendance at union organizing meetings, resulting from Shamrock Foods's cumulative efforts to deter unionization. Such diminished support for a union can be evidence that irreparable harm is likely absent a preliminary injunction. *See Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1192 (9th Cir. 2011) ("[A] delay in bargaining weakens support for the union, and a Board order cannot remedy this diminished level of support."). Moreover, "the discharge of active and open union supporters risks a serious adverse impact on employee interest in unionization and can create irreparable harm to the collective bargaining process." *Frankl*, 650 F.3d at 1363 (quoting *Pye v. Excel Case Ready*, 238 F.3d 69, 74 (1st Cir. 2001)). Given the documented diminished support for the union, and the allegedly discriminatory discharge of Wallace, the district court did not abuse its discretion in finding irreparable harm likely, absent preliminary relief, due to the cumulative effect of the alleged unfair labor practices.

Finally, the district court did not abuse its discretion in finding that the balance of hardships and the public interest favor an injunction. "[T]he District Court's determination that the Regional Director had shown likely irreparable harm to the [union organizing campaign] meant that there was also considerable weight on his side of the balance of the hardships." *Id.* at 1365. Shamrock has not shown any countervailing hardship, as the injunction does no more than require Shamrock

7

to cease its coercive conduct and speech. Likewise, "the public interest is to ensure that an unfair labor practice will not succeed because the Board takes too long to investigate and adjudicate the charge." *Id.* (quoting *Miller v. Cal. Pac. Med. Ctr.*, 19 F.3d 449, 460 (9th Cir.1994), *abrogated on other grounds as recognized by Frankl*, 650 F.3d at 1355). The grant of a preliminary injunction serves the public interest in this case by preventing Shamrock Foods from successfully undermining the union organizing effort through potentially unlawful tactics.

For these reasons, we affirm the district court's temporary injunction order in all respects.

**AFFIRMED.**